CHAVARRÍA, DEMANDANTE Y APELADA, v. PURDY & HENDERSON, INC., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce de una moción concediendo nuevo juicio en causa sobre daños y perjuicios.

MOCIÓN de la parte apelada para que se desestime la apelación.

No. 1274.—Resuelto en marzo 31, 1915.

DESESTIMACIÓN DE APELACIÓN—EXPOSICIÓN DEL CASO.—El hecho de que se deje de archivar una exposición del caso en una apelación contra la sentencia, no es fundamento por sí solo bastante para que se desestime la apelación.

ID.—NUEVO JUICIO—AFFIDAVITS.—El no radicarse en esta corte los *affidavits* que deben acompañarse a una moción de nuevo juicio, no es suficiente para decretar la desestimación del recurso.

NUEVO JUICIO—TRANSCRIPCIÓN DE AUTOS.—Una mera copia de la moción de nuevo juicio, no es una transcripción de autos suficiente.

DESESTIMACIÓN DE APELACIÓN—ALEGATO DEL APELANTE.—La falta de presentación de alegato por el apelante, constituye motivo para la desestimación del recurso.

Los hechos están expresados en la opinión.

Abogados de la apelada: *Sres. R. Martínez Nadal* y *J. Tous Soto*.

Los apelantes no comparecieron.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Habiéndose, en la corte inferior, dictado una sentencia en contra de la demandante ésta registró una moción de nuevo juicio basada exclusivamente en que la sentencia era contraria a las pruebas, especificando cinco distintos fundamentos que es innecesario enumerar. La moción alega

también, que se fundaba en un pliego de exposición del caso que se acompañaba a la misma. En otras palabras, la moción sobre nuevo juicio básase solamente en la apreciación hecha por el juez de la evidencia que fué aportada durante el juicio. La corte concedió el nuevo juicio solicitado, y de ello entabló apelación la demandada Purdy & Henderson, Inc. La transcripción de autos elevada a esta corte sólo contiene la moción de nuevo juicio, pero no así la exposición del caso a que la misma se refiere, ni tampoco las alegaciones. La transcripción fué archivada en esta corte el 6 de febrero de 1915. El 18 de febrero, 1915, la apelante presentó una moción de prórroga para presentar su alegato, la que le fué denegada por la corte, sin perjuicio de los derechos que pudieran asistir a las partes. La apelante no ha hecho ninguna otra gestión. En 23 de marzo, 1915, la apelada registró su moción relacionando los anteriores hechos y solicitando la desestimación de la apelación.

Hemos frecuentemente resuelto que el hecho de que se deje de archivar una exposición del caso en una apelación contra la sentencia no es fundamento por sí solo bastante para desestimar la apelación. *Monge* v. *Central Vannina,* 19 P. R. R., 1254; *Parker* v. *Oller,* 21 D. P. R., 438. También hemos resuelto que el no radicarse en esta corte los *affidavits* que deben acompañarse a una moción de nuevo juicio, no es suficiente para decretar la desestimación del recurso. *Sucesores de José Martínez* v. *Tomás Dávila & Co.,* 20 D. P. R., 410.

Por otra parte hemos resuelto que una mera copia de la moción de nuevo juicio, no es una transcripción de autos suficiente. *Pérez et al.* v. *Romano et al.,* 18 D. P. R., 318. Y como en este caso concreto que resolvemos no sólo no se archivó en esta Corte Suprema la copia de la exposición del caso que sirvió de base a la solicitud de nuevo juicio, sino que tampoco se archivaron las alegaciones de las partes, no existe nada que la corte pueda entrar a considerar.

La apelante tampoco ha presentado alegato, lo que constituye otro motivo para la desestimación.

La apelación debe ser desestimada.

*Con lugar la moción y desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.